Mr. Furnish, well known in the room. Mr. Furnish, one second. All right, you may proceed. May it please the court, thanks for hearing me this morning, I appreciate it. Rather than rehash my papers, which are pretty straight forward, I'd like to use my short time on three points that I'm going to make. And I might have articulated more clearly. First, the government notes that our insufficient evidence claim is imperfectly preserved. What is undisputedly preserved, however, is the trial court's refusal at the government's instance to instruct the jury on the elements of the passport forgery or false use offense charged as the predicate for the money laundering violations alleged. That was error under this court's analogous RICO precedence. And it foreclosed Kumar from arguing in summation that the government failed to prove the predicate offense absent evidence that the fictitious foreign passports at issue were represented or believed to be intended for domestic use. The upshot, whether couched as prejudice from the instructional error or as an independent insufficiency claim, the issue plainly counts as substantial for bail purposes. On to my second point, the government says Mr. Kumar's personal and family circumstances have no bearing on this motion. Not so. We have the burden under the Bail Reform Act to prove by clear and convincing evidence that Mr. Kumar is not a risk of flight or danger to the community. Mr. Kumar's compelling personal and family circumstances plainly bear on the degree and extent to which he is neither of those things. I think everyone would disagree with that. I thought their point was simply that if you haven't raised a substantial appellate issue, then that doesn't really even matter, right? That's one of their points, but they also say it's an irrelevant distraction. And I submit to the court that we're entitled to tell the story of Mr. Kumar's personal and family circumstances in all its narrative richness. And the government can't stipulate away the narrative's force by conceding the point. And for that, I'd analogize to Old Chief, the Supreme Court's 1997 decision on prior convictions in felon and possession gun cases. And third and finally, I'd like to call the panel's attention to this court's 2022 decision in U.S. versus Ayer. A-I-Y-E-R, that's 33-F-4-97. It was a white collar case like this one. Criminal antitrust, eight-month sentence. The defendant raised myriad claims on appeal, mostly technical ones around the proper interpretation of antitrust law. A couple more straightforward ones involving alleged jury misconduct. This court rejected them all, unanimously affirming the conviction. The district court had denied bail pending appeal, but this court granted it anyway, finding the proposed issues substantial despite their ultimately losing. There's no reason I submit for a different result here. Maybe the pandemic played a role in the bail grant there. But Kumar's mandatory removal and his presumptive transfer to immigration custody upon expiry of his nine-month sentence is no less an exigency. Thank you, and I'm glad to rest unless there are any questions. All right. Thank you. Very efficiently done, Mr. French. We tried, Judge. All right. We'll hear from the government. Mr. Pertz. Good morning. May it please the court. My name is Josiah Pertz. I represent the government. I represented the government at trial. Dalip Kumar ran a money laundering business out of a perfume store in midtown Manhattan. At trial, the evidence was that a confidential source told him he'd like to move some money, and the source of the money was forged passports, passports that were forged in the state of Georgia, sold to people in the state of Georgia. There is no substantial issue here. Is there a substantial issue as to whether the statute, the prohibition on the use of forged passports bears only upon the use of forged passports in the United States? No, that's not a substantial issue. Certainly not on plain error review. And the standard here is paramount because in this motion, this is the first time that Kumar is raising this. Not only is this an interpretation without any support in the case law, it's one that simply doesn't match what the statute says. The statute says use or forging of any passport, but it actually says such that a passport may be used. Under broad reading of that statute, that means make a usable passport. The intent to use is simply not there and never has been. And for plain error review, it really would have had to below. That is just one of the two requirements that Kumar now asks the court to recognize, requirements which this court has never recognized. The other is that the government be required in the first place to prove the elements of the SUA in a money laundering sting case. Every case this court has decided has gone the other way, from Wiener to Leslie, Windermeyer. The standard is whether, in Windermeyer, whether a reasonable person would understand the SUA to be what's being communicated by the government agent. So there was no requirement that the government spell out proof as to each element to begin with, let alone this requirement that the court read the statute the way Kumar now asks. Even if these requirements were there, the evidence at trial would have met it. There was evidence that these passports were made in the United States. They were sold in the United States. And there was the ability for the jury to infer that passports that were, quote, needed in the United States were for intended use by people here. So even if these invented requirements existed, the evidence would have been sufficient. Unless the court has further questions, the government respectfully requests that the court deny the motion. Okay, thank you both. People apparently listen to me when I say we're moving quick today. But that's not, it was well briefed and well argued. So we will reserve decision, but we'll get back to you quickly. Thank you.